1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  ALICIA A. BOWER, State Bar No. 287799
   Acting Supervising Deputy Attorney General
3  CAITLIN R. SMITH, State Bar No. 286891
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-6393
6   Fax: (916) 324-5205
    E-mail: Caitlin.Smith@doj.ca.gov
7  *Attorneys for Defendant
   Link*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **VENCIL GREEN,**<br><br>  Plaintiff,<br><br>  v.<br><br>**J. LINK,**<br><br>  Defendant. | Case No.: 2:19-cv-1324 JAM KJN P<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER**<br><br>Judge:       Hon. Kendall J. Newman<br>Trial Date:  None Set<br>Action Filed: July 16, 2019 |

Plaintiff is a state prisoner, proceeding without counsel. On July 30, 2020, defendants filed a motion to modify the discovery and scheduling order by extending the discovery deadline to December 1, 2020, and the dispositive motions deadline to March 9, 2021. Due to the COVID-19 pandemic, counsel has been unable to schedule plaintiff's deposition. Defendant seeks to reopen discovery because she "would like the opportunity to send additional discovery requests if more information becomes known during the deposition." (ECF No. 53-1 at 3, citing ECF No. 53-2 at 2 (request brought to enable defendant to "send any relevant discovery request after the deposition.").)

////

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

While the undersigned understands counsel's inability to depose plaintiff due to the COVID-19 pandemic, the undersigned does not find good cause to generally extend the discovery deadline. The parties have had an opportunity to conduct written discovery, and the current discovery deadline does not expire until October 2, 2020. Defendant's request is based on the potential "if" more information becomes known during the deposition. Therefore, the court grants defendant's request to extend the discovery, but only for the sole purpose of deposing plaintiff. The existing October 2, 2020 deadline for written and all other discovery remains in effect. The request to extend the dispositive motions deadline is granted.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to modify (ECF No. 53) is partially granted:

1. The discovery deadline is extended solely for purposes of taking plaintiff's deposition on or before December 1, 2020;

2. The dispositive motions deadline is extended to March 9, 2021; and

3. In all other respects, the March 11, 2020 discovery and scheduling order remains in effect.

Dated: August 2, 2020

/gree1324.16b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE