UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL GREEN, | No. 2:19-cv-1324 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. LINK, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's discovery motions are now fully briefed and discussed below.

On June 5, 2020, plaintiff filed a motion to compel the inspection of video footage from the Facility A visiting room for December 16, 2018, between 11:30 a.m. and 1:00 p.m. On June 24, 2020, defendant was granted an extension of time to July 24, 2020, to file an opposition based on counsel's explanation that plaintiff was erroneously provided a disc containing only nine minutes of footage, and her attempts to investigate. On July 2, 2020, before defendant's opposition was due, plaintiff filed a motion for the court to order defendant to turn over the video file to the court purportedly to preserve the evidence and because he needs the video to support his motion for summary judgment, which he subsequently filed on July 30, 2020.

On July 29, 2020, plaintiff filed a notice claiming he did not timely receive defendant's oppositions to his motions. However, both of defendant's oppositions were timely filed. (ECF

1

1  Nos. 50, 51.)  Thus, plaintiff's objections as to timeliness (ECF No. 52) are overruled.  On July
2  30, 2020, plaintiff filed a reply to defendant's opposition to plaintiff's motion to turn over the
3  video file to the court.  (ECF No. 55.)  Plaintiff did not file a reply to the opposition to his initial
4  motion to compel.

5  The record demonstrates that following plaintiff's initial review of the nine-minute video,
6  plaintiff was allowed an opportunity to view a different video containing the longer footage
7  because plaintiff specifically discusses the video in his second motion.  (ECF No. 49 at 1-3.)  The
8  record demonstrates plaintiff was allowed an opportunity to view the video; therefore, his motion
9  to compel is now moot and is denied on that basis.

10  Defendant opposes plaintiff's second motion, requesting the court order defendant to "turn
11  over" the video surveillance footage on the grounds that the parties have a duty to preserve
12  evidence, and defendant has retained a copy of the footage and requested the institution preserve
13  it.  (ECF No. 50 at 2.)  Defendant also argues the motion should be denied because plaintiff cited
14  no legal authority to support his request.  Finally, counsel states that because plaintiff's motion is
15  unclear, counsel is willing to provide any additional information based on any court order.  In his
16  reply, plaintiff further clarifies that he is entitled to submit the video in support of his motion for
17  summary judgment, and to have the court view the video in ruling on the motion.

18  Plaintiff's position is well-taken.  Plaintiff has obtained access to the video footage
19  through the discovery process, but because he is a prisoner, he is unable to retain the video
20  footage to submit in support of his dispositive motion.  Despite his failure to cite any legal
21  authority, his motion was appropriately filed during the discovery process, and his request is well-
22  taken under the circumstances.  Plaintiff's motion is granted.

23  In addition to turning over the video footage plaintiff reviewed, plaintiff objects that
24  defendant and her counsel "have engaged in egregious suppression of evidence by only producing
25  film footage which obscures the officers podium in Mule Creek State Prison Facility-A-Visiting
26  room to suppress the extant propitious video evidence which supports plaintiff's claim [herein]."
27  (ECF No. 55 at 2.)  However, in defendant's discovery response, plaintiff was advised that he was
28  provided access to "all footage from the Facility A Visiting Room between 11:30 a.m. to 1:00

p.m. on December 16, 2018." (ECF No. 51 at 3, citing ECF No. 51-1 at 3.) Plaintiff was further informed that "there is no additional surveillance footage of the Facility A Visiting Room focused on the officer's podium between 11:30 a.m. and 1:00 p.m. on December 16, 2018." (Id.)

Defendant cannot be required to turn over video footage that does not exist. Plaintiff cites to no evidence that either defendant or counsel was involved in the placement of video cameras in the Mule Creek State Prison Facility A visiting room on December 16, 2018. Therefore his suppression of evidence claim is unsupported and speculative. Plaintiff's objection is overruled. Plaintiff is not required to support his claims with video evidence, but can support his claims with declarations by eye witnesses, which he has submitted in support of his motion for summary judgment (ECF No. 54 at 53-66).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 45) is denied as moot;

2. Plaintiff's motion to turn over the video footage (ECF No. 49) is partially granted; and

3. Within thirty days from the date of this order, counsel for defendant shall submit a copy of the video footage from the Mule Creek State Prison Facility A visiting room on December 16, 2018, from 11:30 a.m. to 1:00 p.m., to the court in compliance with Local Rule 138(l), for filing in conjunction with plaintiff's motion for summary judgment (ECF No. 54).

Dated: August 2, 2020

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1324.mtc

3