UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LINK,<br><br>　　　　　Defendant. | No.  2:19-cv-1324 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Defendant filed a motion to stay plaintiff's motion for summary judgment or, in the alternative, to grant an extension of time to oppose the motion.  On August 20, 2020, plaintiff filed a statement of nonopposition to the motion, but notes his preference that the court stay his motion rather than dismiss it in light of his difficulties in obtaining photocopies.

Federal Rule of Civil Procedure 56(d) authorizes district courts to defer considering a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d)(1).  "The party seeking a Rule 56(d) continuance bears the burden of proffering facts sufficient to satisfy the requirements of 56(d)." Martinez v. Columbia Sportswear USA Corp., 553 F. App'x 760, 761 (9th Cir. 2014).  In deciding a motion under Rule 56, the Court evaluates (1) whether the moving party had sufficient opportunity to conduct discovery, (2) whether the

1

1  moving party acted diligently, (3) whether the moving party seeks information based on mere
2  speculation, and (4) whether allowing discovery would preclude summary judgment.  Id.
3  "[W]hen a summary judgment motion is filed 'so early in the litigation, before a party has had
4  any realistic opportunity to pursue discovery relating to its theory of the case, district courts
5  should grant any Rule 56(f) motion fairly freely.'"  Hoffman v. Tonnemacher, 2005 WL
6  1383186, at *2 (E.D. Cal. June 7, 2005), quoting Burlington No. Santa Fe R.R. v. Assiniboine &
7  Sioux Tribes, 323 F.3d 767, 773-774 (9th Cir. 2003) (citations omitted) (both courts considered
8  Rule 56(d)'s predecessor, Rule 56(f).).

9      On August 3, 2020, the discovery deadline was extended to December 1, 2020, for the
10 sole purpose of taking plaintiff's deposition.  For all other discovery, the deadline remains
11 October 2, 2020.  While defendant argues that plaintiff's motion for summary judgment is
12 premature, Rule 56(b) of the Federal Rules of Civil Procedure provides that absent contrary court
13 order, "a party may file a motion for summary judgment at any time until 30 days after the close
14 of all discovery."  Fed. R. Civ. P. 56(b).  Thus, the undersigned does not find good cause to deny
15 plaintiff's motion as premature.  That said, despite plaintiff's argument that defendant has not
16 been diligent in discovery, plaintiff filed his motion over two months before discovery closed,
17 and defendant showed good cause for extending the discovery deadline to depose plaintiff due to
18 the COVID-19 pandemic.  Defendant is entitled to depose plaintiff prior to opposing plaintiff's
19 motion for summary judgment, and the current pandemic has deprived defendant of an
20 opportunity to timely do so.

21     Accordingly, the undersigned finds good cause to defer consideration of plaintiff's motion
22 for summary judgment. Fed. R. Civ. P. 56(d).  Plaintiff's motion for summary judgment is
23 deferred; defendant is granted until December 31, 2020, in which to file an opposition to
24 plaintiff's motion; plaintiff's reply, if any, will be due January 31, 2021.

25     Finally, plaintiff requests that the court appoint counsel.  District courts lack authority to
26 require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States
27 Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an
28 attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,

935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion (ECF No. 60) is partially granted.

2. Plaintiff's motion for summary judgment (ECF No. 54) is deferred.  Fed. R. Civ. P. 56(d)(1).

3. Defendant is granted until December 31, 2020, in which to file an opposition to plaintiff's motion; plaintiff's reply, if any, will be due January 31, 2021.

4. Plaintiff's motion for the appointment of counsel (ECF No. 62) is denied without prejudice.

Dated:  September 1, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1324.msj.def

3